1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

DAMARCUS ANTHONY THOMPSON,

Case No.14-CV-05178-LHK

13

Plaintiff,

**ORDER DENYING MOTION TO
DISMISS, GRANTING MOTION TO
AMEND, AND DENYING MOTION
FOR STAY**

14

v.

15

ROBERT W. FOX,

Re: Dkt. Nos. 7, 8, 9

16

17

Defendant.

18

19    DeMarcus Thompson ("Petitioner") brings a petition for writ of habeas corpus ("Petition"),

20    alleging violations of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights under the U.S.

21    Constitution. ECF No. 1, at 6. Before the Court are multiple motions. First, Respondent Robert

22    Fox, warden of the California Medical Facility in Vacaville, California ("Respondent"), has filed a

23    motion to dismiss the Petition for Petitioner's failure to exhaust state law remedies. ECF No. 7

24    ("Motion to Dismiss"). Second, Petitioner has filed a motion to amend the Petition to remove

25    Petitioner's one unexhausted claim. ECF No. 8 ("Motion to Amend"). Finally, Petitioner has also

26    filed a motion for stay and abeyance. ECF No. 9 ("Motion for Stay"). Having considered the

27

28

United States District Court
Northern District of California

1

1   record in this case, the applicable law, and the parties' arguments, the Court hereby GRANTS the

2   Motion to Amend, DENIES the Motion to Dismiss as moot, and DENIES the Motion for Stay, for

3   the reasons stated below.

4   **I. BACKGROUND**

5       **A. Factual Background**

6           At about 3:00 a.m. on August 15, 2009, Petitioner was involved in an automobile accident

7   in San Leandro, California. ECF No. 10-1 ("App. Op."), at 4. The accident resulted in the death of

8   one passenger and injuries to three other passengers.[1] *Id.* at 4-8. When law enforcement personnel

9   responded to the scene of the crash, Petitioner was not present. *Id.* at 6. However, shortly after the

10  accident a witness and responding law enforcement officer separately reported seeing someone

11  walking or running from the crash site. *Id.* at 4-5. After the accident, an arrest warrant for

12  Petitioner was issued, and Petitioner was apprehended in March 2011. *Id.* at 6 n.3.

13          On June 14, 2011, the Alameda County District Attorney filed a consolidated information

14  charging Petitioner with three counts. *Id.* at 2. Count One was for gross vehicular manslaughter.

15  *Id.* As to Count One, the District Attorney sought a sentencing enhancement for Petitioner fleeing

16  the scene of the crime. *Id.* Count Two was for driving under the influence of alcohol and causing

17  personal injury. *Id.* As to Count Two, the District Attorney sought sentencing enhancements for

18  causing bodily injury and death to multiple victims, driving at an excessive rate of speed, and—of

19  particular relevance to the instant motions—causing great bodily injury to the three victims

20  pursuant to Penal Code § 12022.7(a). *Id.* Count Five was for leaving the scene of an accident

21  involving injury.[2] *Id.*

22          On September 6, 2011, Petitioner was convicted on all counts. *Id.* at 8. On October 21,

23

24  ―――――――――――――――

25  [1] One of the injured passengers, Cheleia Swayne, was Petitioner's co-defendant in the subsequent criminal trial. App. Op. at 1. Around the time of the accident, Swayne was sitting on Petitioner's lap while Petitioner sat in the driver's seat. *Id.* at 4.

26  [2] Count Three (driving with a 0.08 percent blood-alcohol level and causing personal injury) and Count Four (driving while driving privileges were revoked) were charged only against Petitioner's

27  co-defendant, Swayne. App. Op. at 2.

2

28

United States District Court
Northern District of California

1  2011, Petitioner was sentenced to 20 years and 10 months in state prison. *Id.* at 8; Petition ¶ 2. Of

2  particular relevance to the instant motions, the trial court applied sentencing enhancements for

3  causing great bodily injury (pursuant to Penal Code § 12022.7) to Petitioner's sentence for his

4  conviction of driving under the influence of alcohol and causing personal injury. App. Op. at 22.

5  The trial court did not apply sentencing enhancements pursuant to § 12022.7 to Petitioner's

6  conviction of gross vehicular manslaughter.[3] *Id.* On November 15, 2011, Petitioner filed a timely

7  appeal to the California Court of Appeal, alleging insufficient evidence to support the three

8  convictions, instructional error, prosecutorial misconduct, and sentencing error. Petition ¶ 3. On

9  May 28, 2013, the First District Court of Appeal affirmed the judgment of the trial court but

10 remanded for resentencing. *Id.* ¶ 4. Petitioner filed a petition for review on July 3, 2013 with the

11 California Supreme Court, which denied the petition on August 30, 2013. *Id.* ¶ 5. On October 18,

12 2013, Petitioner was resentenced to a total term of 16 years, 10 months. *Id.* ¶ 6.

13 **B. Procedural Background**

14          On November 21, 2014, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2254.

15 *See* Petition. In the Petition, Petitioner asserts three claims: (1) that "[t]here was insufficient

16 evidence to support [P]etitioner's convictions, and [P]etitioner was thus convicted in violation of

17 his right not to be convicted except upon proof beyond a reasonable doubt" and his right "to due

18 process of law, as protected by the Fifth and Fourteenth Amendments to the United States

19 Constitution;" (2) "Petitioner was denied his Fifth, Sixth, and Fourteenth Amendment rights to not

20 be found guilty unless all elements of the offense are proven to the jury beyond a reasonable doubt

21 because the court failed to adequately inform the jury of the necessary elements of the offense;"

22 and (3) "[t]he prosecutor's arguments violated [P]etitioner's right to due process of law and right

23 to have all elements of the offense proven beyond a reasonable doubt as protected by the Fifth and

24 Fourteenth Amendments to the United States Constitution." *Id.* ¶¶ 17-19.

25

26 ───────────────

27 [3] The trial court did enhance Petitioner's sentence for gross vehicular manslaughter pursuant to Vehicle Code § 20001(c), for fleeing the scene of a crime. App. Op. at 22.

3

28 Case No.14-CV-05178-LHK
ORDER DENYING MOTION TO DISMISS, GRANTING MOTION TO AMEND, AND DENYING MOTION FOR STAY

United States District Court
Northern District of California

1    On February 2, 2015, Respondent filed the Motion to Dismiss. *See* Mot. Dismiss. In that

2   motion, Respondent argued that the Court should dismiss the entirety of the Petition because the

3   Petitioner failed to exhaust his third claim for relief in state court, as required by 28 U.S.C.

4   § 2254(b)(1)(A). Mot. Dismiss at 2.

5    Petitioner did not file an opposition to the Motion to Dismiss. Rather, on February 17,

6   2014, Petitioner filed the instant Motion to Amend. *See* Mot. Amend. In that motion, Petitioner

7   sought leave of the Court to amend the Petition to remove Petitioner's unexhausted claim for

8   habeas relief. *Id.* at 1. Respondent did not file an opposition to the Motion to Amend; however, in

9   a subsequent filing Respondent stated that it did not oppose the Motion to Amend. ECF No. 10, at

10   1 n.1.

11    Also on February 17, 2015, Petitioner filed the instant Motion for Stay. *See* Mot. Stay. In

12   that motion, Petitioner sought a stay and abeyance of Petitioner's remaining two exhausted claims

13   in order to permit Petitioner to exhaust a new claim in state court based on the California Supreme

14   Court's recent decision in *People v. Cook*, 60 Cal. 4th 922 (2015). Mot. Stay at 1. On March 3,

15   2015, Respondent filed an opposition to the Motion for Stay, with one supporting exhibit. ECF

16   No. 10 ("Opp'n"). On March 23, 2015, Petitioner filed a reply.[4] ECF No. 12 ("Reply").

17   **II. LEGAL STANDARD**

18    **A. Motion to Dismiss Habeas Petition**

19    The exhaustion of available state remedies is a prerequisite to a federal court's

20   consideration of claims sought to be presented in habeas corpus proceedings. *See Rose v. Lundy*,

21   455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion

22   requirement by providing the highest state court with a full and fair opportunity to consider all

23   claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971),

24

25   ───────────────
[4] On March 9, 2015, Petitioner filed a motion for extension of time to file a response/reply. ECF
26   No. 11. In that motion, Petitioner requested that the deadline to file a reply to the Opposition be
extended from March 10, 2015 to March 24, 2015. *Id.* at 1. Respondent did not oppose the request.
27   Accordingly, the Court hereby GRANTS the motion for extension of time to file a response/reply.

4

28   Case No.14-CV-05178-LHK
ORDER DENYING MOTION TO DISMISS, GRANTING MOTION TO AMEND, AND DENYING MOTION
FOR STAY

1  *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). A district court must dismiss a habeas

2  petition that contains both exhausted and unexhausted claims. *Rose*, 455 U.S. at 522.

3  **B.  Motion to Amend Habeas Petition**

4  The Federal Rules of Civil Procedure govern a motion from a petitioner to amend or

5  supplement a petition for writ of habeas corpus. *See* 28 U.S.C. § 2242; *Anthony v. Cambra*, 236

6  F.3d 568, 576 (9th Cir. 2000). Pursuant to Federal Rule of Civil Procedure 15(a), a party may

7  amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P.

8  15(a)(1). After that initial period has passed, amendment is permitted only with the opposing

9  party's written consent or leave of the court. *Id*. at (a)(2). Rule 15 instructs that "[t]he court should

10  freely give leave [to amend] when justice so requires." *Id.* Although this rule "should be

11  interpreted with extreme liberality, leave to amend is not to be granted automatically." *Jackson v.*

12  *Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation omitted). Courts commonly

13  consider four factors—the so-called *Foman* factors—when determining whether to grant leave to

14  amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing

15  party; and (4) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962);

16  *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Of these

17  factors, prejudice to the opposing party is the most important. *Jackson*, 902 F.2d at 1387. "The

18  party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v.*

19  *Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

20  **C.  Motion for Stay**

21  It is well-settled that a district court has the discretion to stay a petition for habeas corpus.

22  *Calderon v. U.S. Dist. Court (Thomas)*, 144 F.3d 618, 620 (9th Cir. 1998); *Calderon v. U.S. Dist.*

23  *Court (Taylor)*, 134 F.3d 981, 988 (9th Cir. 1998), *abrogated on other grounds by Jackson v. Roe*,

24  425 U.S. 654 (9th Cir. 2005); *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir. 1997).

25  However, the Ninth Circuit has held that this discretion in no way grants "district courts carte

26  blanche to stay even fully exhausted habeas petitions." *Taylor*, 134 F.3d at 988 n.11. Rather, a stay

27

28  Case No.14-CV-05178-LHK
ORDER DENYING MOTION TO DISMISS, GRANTING MOTION TO AMEND, AND DENYING MOTION
FOR STAY

1    should be granted at the discretion of the district court if: (1) the claims the petition seeks to

2    pursue are cognizable under § 2254; (2) there is a likelihood of prejudice to the petitioner should a

3    stay be denied; and (3) there is no evidence that the motion for a stay is brought to delay, to vex,

4    or harass, or that the request is an abuse of the writ. *Fetterly v. Paskett*, 997 F.2d 1295, 1301-02

5    (9th Cir. 1993).

6    **III. DISCUSSION**

7        **A.   Petitioner's Motion to Amend and Defendant's Motion to Dismiss**

8            The Court first addresses Petitioner's Motion to Amend. Petitioner seeks to amend his

9    Petition to eliminate his third claim for relief, on the grounds that Petitioner has not exhausted this

10   claim.  Mot. Amend. at 1. Respondent has stated it does not oppose the Motion to Amend. Opp'n

11   at 1, n.1.

12           As previously discussed, the Court considers the following factors when determining

13   whether to grant leave to amend a habeas petition: (1) bad faith on the part of the movant; (2)

14   undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.

15   *Foman*, 371 U.S. at 182. Of these factors, prejudice to the opposing party is the most important.

16   *Jackson*, 902 F.2d at 1387. "The party opposing amendment bears the burden of showing

17   prejudice." *DCD Programs*, 833 F.2d at 187. Furthermore, where, as here, a petitioner files a

18   petition contained both exhausted and unexhausted claims, the Ninth Circuit has instructed that a

19   district court "must, at a minimum, [offer] leave to amend the petition to delete any unexhausted

20   claims and to proceed on the exhausted claims." *Henderson v. Johnson*, 710 F.3d 872, 873 (9th

21   Cir. 2013) (reversing and remanding the dismissal of a mixed habeas petition because the district

22   court failed to offer the petitioner the opportunity to amend his petition to abandon the

23   unexhausted claims).

24           Here, given Respondent's statement of non-opposition to the Motion to Amend, the Court

25   finds that the *Foman* factors weigh in favor of granting leave to amend. *See Foman*, 371 U.S. at

26   182. Accordingly, the Court hereby GRANTS Petitioner's Motion to Amend to remove

27

28   Case No.14-CV-05178-LHK
     ORDER DENYING MOTION TO DISMISS, GRANTING MOTION TO AMEND, AND DENYING MOTION
     FOR STAY

United States District Court
Northern District of California

1    Petitioner's third claim for relief. Furthermore, because the amended Petition will contain only

2    exhausted claims for relief, the Court DENIES Respondent's Motion to Dismiss as moot.

3        **B. Petitioner's Motion for Stay**

4            The Court now turns to Petitioner's Motion for Stay. As previously discussed, Petitioner

5    requests that the Court stay the instant proceedings to permit Petitioner to exhaust a previously

6    unexhausted claim based on the recent California Supreme Court decision *People v. Cook*, 60 Cal.

7    4th 922 (2015). Mot. Stay at 1. The Court first addresses the legal standard to stay a habeas

8    petition while the petitioner exhausts unexhausted claims. The Court will then address the merits

9    of Petitioner's motion.

10            *1.  Legal standard to stay a habeas petition*

11            Where a habeas petitioner seeks a stay to afford an opportunity to exhaust previously

12    unexhausted claims, the Ninth Circuit has approved of a "three-step stay-and-abeyance procedure

13    in which: (1) the prisoner amends his mixed petition to remove the unexhausted claims; (2) the

14    district court stays and holds in abeyance the amended and fully exhausted petition; and (3) the

15    prisoner re-amends his petition to add the newly-exhausted claims after litigating them in state

16    court." *Robbins v. Carey*, 481 F.3d 1143, 1148 (9th Cir. 2007) (citing *Taylor*, 134 F.3d at 986).

17    The Ninth Circuit alternately refers to this three-step stay-and-abeyance procedure as a

18    "*Kelly/King* stay" because it was most recently described by the Ninth Circuit in *Kelly v. Small*,

19    315 F.3d 1063 (9th Cir. 2002), and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). *See, e.g.*,

20    *Robinson v. Miller*, No. C 11-1339 LHK PR, 2012 WL 4761904, at *1 (N.D. Cal. Oct. 5, 2012).

21            A district court may grant a *Kelly/King* stay if, *inter alia*: (1) the claims the petition seeks

22    to pursue are cognizable under § 2254; (2) there is a likelihood of prejudice to the petitioner

23    should a stay be denied; and (3) there is no evidence that the motion for a stay is brought to delay,

24    to vex, or harass, or that the request is an abuse of the writ. *See Fetterly*, 997 F.2d at 1301-02. In

25    addition, a court may deny a motion for a *Kelly/King* stay if the new claims the petitioner seeks to

26    exhaust are "facially without merit and therefore cannot be added to the existing habeas petition

27

28

United States District Court
Northern District of California

1    after they are exhausted in state court." *Orozco v. Harrington*, No. 1:10-CV-01599 MJS HC, 2011

2    WL 2036347, at *2 (E.D. Cal. May 23, 2011) (citing *King*, 564 F.3d at 1141); *see also Snowden v.*

3    *Adams*, No. CIV S-10-0651 KJM, 2011 WL 319199, at *2 (E.D. Cal. Jan. 28, 2011) ("The court

4    must still deny a request for a stay and abeyance under *Kelly* if the new claims are facially without

5    merit and therefore cannot be added to the existing habeas petition after they are exhausted in state

6    court."). Whether to grant a *Kelly/King* stay is at the discretion of the district court. *Thomas*, 144

7    F.3d at 620.

8         The Court notes that in the Motion for Stay, Petitioner moves for a stay and abeyance

9    under a different legal procedure than *Kelly*. *See* Mot. Stay at 2. Specifically, Petitioner argues that

10   the Court should apply the standard enunciated by the U.S. Supreme Court in *Rhines v. Weber*,

11   544 U.S. 269 (2005), and by the Ninth Circuit in *Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005). In

12   *Rhines*, the Supreme Court held that a district court has the discretion to stay a mixed habeas

13   petition, or a petition that presented both exhausted and unexhausted claims, to permit the

14   petitioner time to exhaust the unexhausted claims. 544 U.S. at 277. The Supreme Court went on to

15   state that the stay of a mixed habeas petition was only appropriate in "limited circumstances,"

16   specifically when the district court "determines there was good cause for the petitioner's failure to

17   exhaust his claims first in state court," and when the unexhausted claims are not "plainly

18   meritless." *Id.* at 277. The Ninth Circuit in *Jackson v. Roe* subsequently clarified when a *Rhines*

19   stay applies. 425 F.3d at 661. Specifically, the Ninth Circuit stated that "*Rhines* applies to *mixed*

20   petitions." *Id.* (emphasis in original). However, the Ninth Circuit also stated that the "three-step

21   procedure [of *Kelly/King*] applies to stays of *fully exhausted* petitions" including a situation where

22   a petitioner is allowed to "amend his petition to remove [] unexhausted claims," and requests that

23   the district court stay the "fully exhausted petition to allow [] petitioner the opportunity to proceed

24   to state court to exhaust" the unexhausted claims. *Id.* at 658-59, 661 (emphasis in original).

25        Here, the Court disagrees with Petitioner that *Rhines* governs the instant Motion for Stay.

26   Separate from the Motion for Stay, Petitioner has moved to amend the Petition to remove his one

8

United States District Court
Northern District of California

1    unexhausted claim. Mot. Amend at 1. Moreover, this Court has granted Petitioner's request. *See*

2    Section III.A, *supra*. Therefore, the Petition now contains only exhausted claims, and the

3    Petitioner seeks to stay the instant proceedings so that Petitioner can exhaust a new unexhausted

4    claim in state court. Mot. Stay at 2. As the Ninth Circuit has made clear, *Kelly/King*—not

5    *Rhines*—applies to cases in which a petitioner amends his petition to remove unexhausted claims

6    and requests that the court stay the matter to allow the petitioner to exhaust an unexhausted claim.

7    *Jackson*, 425 F.3d at 661. Accordingly, the Court applies the *Kelly/King* standard to determine

8    Petitioner's Motion for Stay.

9         *2.   The instant Motion for Stay*

10        In the instant motion, Petitioner argues that the California Supreme Court's recent decision

11   in *People v. Cook*, which dealt with whether a great bodily injury sentencing enhancement may be

12   applied to a conviction for murder or manslaughter, should apply to Petitioner's case and thereby

13   reduce Petitioner's sentence. Mot. Stay at 1-2. Petitioner requests that the Court hold the instant

14   case in abeyance so that Petitioner may exhaust a new *Cook* claim in state court before, if

15   necessary, amending the instant Petition to include a claim based on *Cook*. *Id.* at 2. Respondent, in

16   its Opposition, raises two arguments against Petitioner's Motion for Stay. First, Respondent

17   contends that the motion is meritless because *Cook*, by its express terms, does not apply to a case

18   such as Petitioner's. Opp'n at 3-4. Specifically, Respondent argues that *Cook* does not apply to

19   Petitioner's case because the trial court did not apply great bodily injury sentencing enhancements

20   to Petitioner's conviction of gross vehicular manslaughter. *Id.* Rather, the trial court applied great

21   bodily injury enhancements to Petitioner's conviction of a different offense—driving under the

22   influence of alcohol and causing personal injury. *Id*. Respondent argues the California Supreme

23   Court did not extend its holding in *Cook* to such a scenario. *Id.* Second, Respondent argues that

24   any claim of error regarding a state's application of its sentencing laws is a state law issue for

25   which federal habeas relief is unavailable. *Id.*

26        In *People v. Cook*, the California Supreme Court addressed whether a conviction for

27                                                    9

United States District Court
Northern District of California

United States District Court
Northern District of California

1  manslaughter or murder could be enhanced for great bodily injury pursuant to Penal Code

2  § 12022.7.[5] *Cook*, 60 Cal. 4th at 924. The California Supreme Court, based on the plain language

3  of § 12022.7, concluded that the statute did not apply to a conviction for manslaughter or murder.

4  *Id.* at 938 ("[W]e conclude that no great bodily injury enhancement can attach to a conviction for

5  murder or manslaughter."). However, the California Supreme Court also stated that it "express[ed]

6  no opinion regarding the question, not presented here, of whether and, if so, how great bodily

7  injury enhancements may attach to other crimes for a defendant who is convicted of murder or

8  manslaughter as well as those other crimes." *Id.* at 938 n.3.

9          Here, the Court agrees with Respondent that the Motion for Stay should be denied. As

10  previously discussed, a Court may deny a motion for a *Kelly/King* stay if, among other reasons,

11  the motion is facially without merit. *King*, 564 F.3d at 1141; *Orozco*, 2011 WL 2036347, at *2.

12  The basis for Petitioner's Motion for Stay is that *Cook* may apply retroactively to Petitioner's

13  case. *See* Mot. Stay at 2 (arguing that "*People v. Cook* should be applied retroactively to his case,"

14  which would "require that [P]etitioner be resentenced."). However, *Cook* involved a defendant

15  who received a great bodily injury sentencing enhancement for a conviction of manslaughter.

16  *Cook*, 60 Cal. 4th at 924. The California Supreme Court held this was contrary to the plain

17  language of § 12022.7. *Id.* at 938.

18          Here, in contrast, Petitioner received great bodily injury sentencing enhancements pursuant

19  to Penal Code § 12022.7 for Petitioner's conviction of driving under the influence of alcohol and

20  causing personal injury. App. Op. at 2. Although Petitioner was separately convicted for gross

21  vehicular manslaughter, Petitioner did not receive any sentencing enhancements pursuant to

22  § 12022.7 for his conviction of this count. *Id.* Rather, the trial court enhanced Petitioner's sentence

23

24  ────────────────

25  [5] The statute provides in relevant part that "[a]ny person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years." Cal. Penal Code § 12022.7(a). A separate provision of the statute provides that a great bodily injury enhancement "shall not apply to murder or manslaughter" or, *inter alia*, "if infliction of great bodily injury is an element of the offense." *Id.* § 12022.7(g).

26

27

10

28  Case No.14-CV-05178-LHK
ORDER DENYING MOTION TO DISMISS, GRANTING MOTION TO AMEND, AND DENYING MOTION FOR STAY

1   for a different conviction: driving under the influence of alcohol and causing personal injury. *Id.* at

2   22. In short, Petitioner' great bodily injury enhancements attached to "other crimes" besides

3   Petitioner's conviction for manslaughter, which is the scenario that the California Supreme Court

4   expressly did not address in *Cook.* 60 Cal. 4th at 924. Accordingly, *Cook* by its plain terms does

5   not apply to Petitioner's case. Given that Petitioner's argument rests on a recently-decided case

6   that does not apply to Petitioner, granting of the Motion for Stay would be inappropriate. *See*

7   *Burleson v. Kernan*, No. C 05-1263 SI (PR), 2007 WL 3479033, at *2 (N.D. Cal. Nov. 15, 2007)

8   (denying motion to stay action so petitioner could exhaust argument based on a recently-decided

9   U.S. Supreme Court case, on the grounds that the recently-decided case "dealt with a part of

10  California's sentencing law . . . not at issue in the present case."); *Castille v. Knowles*, No. C 06-

11  6236 MHP (PR), 2008 WL 4962692, at *2 (N.D. Cal. Nov. 19, 2008) (denying motion to stay

12  action so petitioner could exhaust argument based on recently-decided U.S. Supreme Court case

13  "because the claim appears [to be] plainly meritless" and involved an aspect of California

14  sentencing law "not at issue in the present case.").

15          In his Reply, Petitioner argues that *Cook* should apply here because Petitioner's case "is

16  almost exactly like the one in *People v. Beltran*, which *Cook* approved and followed." Reply at 4.

17  *People v. Beltran* involved a defendant who was convicted of evading a pursuing peace officer

18  causing serious injuries to others. 82 Cal. App. 4th 693, 695 (2000); *Cook*, 60 Cal. 4th at 406

19  (citing and discussing *Beltran*). Two great bodily injury enhancements subsequently attached to

20  the *Beltran* defendant's conviction. *Cook*, 60 Cal. 4th at 406. The issue before the *Beltran* court

21  was whether the enhancements were valid. *Id.* The *Beltran* court decided they were not valid

22  because § 12022.7(g) provides that a great bodily injury enhancement shall not apply to a

23  conviction of murder or manslaughter or, *inter alia*, if infliction of great bodily injury is an

24  element of the convicted offense. *Id.* The *Beltran* court held that evading a pursuing peace officer

25  causing serious injury to others—the crime of which the defendant was convicted and to which the

26  great bodily injury enhancements attached—contained "great bodily injury [as] an element of that

11

1   offense," and therefore great bodily injury enhancements could not apply. *Id*. The California

2   Supreme Court in *Cook* cited *Beltran* with approval, stating that *Beltran* "was correct" for its

3   adherence to the language of § 12022.7. *Id.*

4          The Court does not find Petitioner's argument regarding *Beltran* persuasive because

5   Petitioner is incorrect that his case is "almost exactly like" *Beltran*. Reply at 4. The *Beltran* court

6   found that the defendant there received great bodily injury sentencing enhancements for an offense

7   of which great bodily injury was already an element. *See Cook*, 60 Cal. 4th at 926. The *Beltran*

8   court concluded that this was contrary to the plain language of § 12022.7, which provides that a

9   great bodily injury enhancement "shall not apply" if, *inter alia*, "*infliction of great bodily injury is*

10  *an element of the offense.*" *Id.* § 12022.7(g) (emphasis added).

11         Here, in contrast, Petitioner does not argue that great bodily injury enhancements attached

12  to any of Petitioner's convictions for which great bodily injury is already an element. Nor could

13  Petitioner make such an argument. Petitioner received great bodily injury enhancements for

14  Petitioner's conviction of driving under the influence of alcohol and causing personal injury. App.

15  Op. at 2. The California Court of Appeal has rejected the argument that the offense of driving

16  under the influence of alcohol and causing personal injury includes "great bodily injury" as an

17  element of the offense. *People v. Guzman*, 77 Cal. App. 4th 761, 765 (2000) (holding great bodily

18  injury enhancement under § 12022.7 properly attached to conviction for driving under the

19  influence of alcohol and causing personal injury). This is because the "bodily injury component of

20  [driving under the influence of alcohol and causing personal injury] requires only proof of harm or

21  hurt to the body." *Id.* (citing *People v. Dakin* 200 Cal. App. 3d 1026, 1035 (1988)). "Great bodily

22  injury," as the term is used in § 12022.7, requires something different, specifically "a significant

23  or substantial physical injury." *Id.* Accordingly, the offense of driving under the influence of

24  alcohol and causing personal injury does not include "great bodily injury" as an element such that

25  imposition of a sentencing enhancement pursuant to § 12022.7 would be improper. *Id.*

26         Petitioner also argues that *Cook* should apply to Petitioner's case because failing to do so

27

28  Case No.14-CV-05178-LHK
    ORDER DENYING MOTION TO DISMISS, GRANTING MOTION TO AMEND, AND DENYING MOTION
    FOR STAY

United States District Court
Northern District of California

1   would render the *Cook* decision "practically meaningless" and allow prosecutors to engage in a

2   "pleading shell game[]" to attach great bodily injury enhancements to convictions other than those

3   for manslaughter or murder. Reply at 4-5. However, the California Supreme Court in *Cook*

4   explicitly declined to address a scenario where a defendant who is convicted of murder or

5   manslaughter as well as other crimes receives great bodily injury enhancements for the

6   convictions of other crimes, i.e. crimes other than murder or manslaughter. *Cook*, 60 Cal. 4th at

7   938 n.3. Although Petitioner was convicted of gross vehicular manslaughter, the sentencing

8   enhancements for great bodily injury attached to convictions for a different offense, specifically

9   driving under the influence of alcohol and causing personal injury. App. Op. at 22. Accordingly,

10  *Cook* by its plain terms does not apply to Petitioner, and Petitioner points to no authority to the

11  contrary.

12          The Court finds that the Motion for Stay is facially without merit, and accordingly granting

13  of a stay would be inappropriate. *See King*, 564 F.3d at 1141; *see also Orozco*, 2011 WL 2036347,

14  at *2. The Court therefore DENIES the Motion for Stay.[6]

15  **IV. CONCLUSION**

16          For the reasons stated above, the Court GRANTS the Motion to Amend, DENIES the

17  Motion to Dismiss as moot, and DENIES the Motion for Stay. Petitioner shall file an amended

18  petition within thirty (30) days of the date of this Order. Failure to meet this deadline will result in

19  dismissal with prejudice. Petitioner may not add new claims without leave of the Court or

20  stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

21  **IT IS SO ORDERED.**

22  Dated: July 29, 2015

23  _____
                                        *Lucy H. Koh*
24  LUCY H. KOH
    United States District Judge

25

26  [6] Because the Court resolves the Motion for Stay on these grounds, the Court need not address
    Respondent's argument in the alternative that Petitioner's Petition fails to state a claim for federal
27  habeas relief. Opp'n at 3.

                                        13
28  Case No.14-CV-05178-LHK
    ORDER DENYING MOTION TO DISMISS, GRANTING MOTION TO AMEND, AND DENYING MOTION
    FOR STAY

United States District Court
Northern District of California