UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAMARCUS ANTHONY THOMPSON,<br><br>  Petitioner,<br><br>  v.<br><br>ROBERT W. FOX,<br><br>  Respondent. | Case No. 14-CV-05178-LHK<br><br>**ORDER TO SHOW CAUSE** |

On November 21, 2014, Petitioner Damarcus Anthony Thompson ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his detention at the California Medical Facility in Vacaville, California. ECF No. 1. On August 28, 2015, Petitioner filed a First Amended Petition for Writ of Habeas Corpus. ECF No. 14 ("First Amended Petition"). For good cause shown, the Court hereby ORDERS Respondent Robert W. Fox ("Respondent") to show cause why the First Amended Petition should not be granted.

**I. BACKGROUND**

On September 6, 2011, following a jury trial, Petitioner was convicted of gross vehicular manslaughter while intoxicated; fleeing the scene of the crime; driving under the influence of

alcohol and causing personal injury; and leaving the scene of an injury producing accident. First Am. Pet. ¶ 1. In addition, Petitioner was convicted of causing bodily injury and death to multiple victims, driving at an excessive speed, and causing great bodily injury to multiple victims. *Id.*

On October 21, 2011, Petitioner was sentenced to a total term of 20 years 10 months in state prison. *Id.*¶ 2. On November 15, 2011, Petitioner filed a timely appeal to the First Appellate District alleging insufficient evidence to support Petitioner's convictions, instructional error, prosecutorial misconduct, and sentencing error. *Id.* ¶ 3. On May 28, 2013, the First District Court of Appeal affirmed the judgment of the trial court, but remanded for resentencing. *Id.* ¶ 4. Petitioner subsequently filed a petition for review with the California Supreme Court, which the California Supreme Court denied on August 30, 2013. *Id.* ¶ 5. On October 18, 2013, Petitioner was resentenced to a total term of 16 years, 10 months. *Id.* ¶ 6.

On November 21, 2014, Petitioner filed the instant Petition. ECF No. 1. On February 2, 2015, Respondent filed a motion to dismiss for failure to exhaust state remedies on the grounds that one of Petitioner's asserted grounds for relief—that the prosecutor committed misconduct in closing arguments—was not presented to the California Supreme Court and therefore the petition contained an unexhausted claim. ECF No. 7, at 3. Petitioner did not file an opposition to Respondent's motion to dismiss. Rather, on February 17, 2015, Petitioner filed a motion to amend the petition for writ of habeas corpus, requesting leave to amend the petition to remove Petitioner's unexhausted claim. ECF No. 8, at 1. Also on February 17, 2015, Petitioner filed a motion to stay and hold the petition in abeyance so that Petitioner could exhaust a new claim in state court. ECF No. 9, at 1.

On July 29, 2015, the Court granted Petitioner's motion to amend the petition, denied Respondent's motion to dismiss as moot, and denied Petitioner's motion to stay on the grounds that the new claim lacked merit. ECF No. 13. The Court ordered Petitioner to file an amended petition within 30 days of the date of the Order. *Id.* at 13. On August 28, 2015, Petitioner timely filed the First Amended Petition. *See* First Am. Pet.

2

Case No. 14-CV-05178-LHK
ORDER TO SHOW CAUSE

## II. DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### B. Claims

Petitioner asserts two claims: (1) there was insufficient evidence to support Petitioner's convictions; and (2) the trial court failed to adequately inform the jury of the necessary elements of gross vehicular manslaughter while intoxicated and thereby deprived Petitioner of his right to be found guilty unless all elements of the offense are proven to the jury beyond a reasonable doubt. Pet. ¶ 18.

Petitioner's claims appear cognizable under § 2254 and merit an answer from Respondent. Accordingly, the Court hereby ORDERS Respondent to show cause why the First Amended Petition should not be granted.

## III. CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the Amended Petition (ECF No. 15) and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the

issues presented by the Amended Petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the Answer.

4. Respondent may file a Motion to Dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty (60) days** of the issuance of this Order. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within **fifteen (15) days** of receipt of any Opposition.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address. Petitioner must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 2, 2015

_____
LUCY H. KOH
United States District Judge